UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSELLA LEWIS,<br>      Plaintiff<br><br>   v.<br><br>UNIVERSITY OF CHICAGO,<br>      Defendant | No. 22 CV 5843<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendant's motion to dismiss for failure to state a claim [10] is denied.

### STATEMENT

The plaintiff filed a complaint alleging that the defendant discriminated against her by paying her less money than a colleague, which caused her to resign her position. The plaintiff seeks relief under 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the Illinois Equal Pay Act, 820 ILCS 112/10 *et seq.*

The defendant filed a motion to dismiss the complaint. According to the defendant, the plaintiff failed to state a claim upon which relief could be granted because the complaint: (1) failed to establish a causal connection between the plaintiff's race and the alleged discriminatory treatment; (2) failed to allege an adverse employment action; (3) failed to allege constructive discharge; and (4) failed to allege that the plaintiff and her colleague had similar job responsibilities, as required by the Illinois Equal Pay Act. I disagree as the complaint states claims under Title VII, 42 U.S.C. § 1981, and the Illinois Equal Pay Act.

The complaint establishes a causal connection between the plaintiff's race and the alleged adverse employment action. The complaint alleges that: the plaintiff is an African-American formerly employed by the defendant, R. 1. ¶ 1; the defendant paid the plaintiff significantly less than her White colleague even though the two were in similar positions and the plaintiff supervised her White colleague while performing "substantially more work" than her White colleague, *id.*; and the defendant "discriminated" against the plaintiff by paying the plaintiff less than her White colleague, *id.* ¶¶ 36, 45. In short, the plaintiff claims that she earned less money than her colleague because the plaintiff is African-American and her colleague is White. This is sufficient to state a claim for discrimination. *See Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) ("Rather, to

proceed against the District under § 1983 or Title VII, Freeman needed only to allege—as he did here—that the District fired him because of his race."); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("A complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.").

The complaint further establishes an adverse employment action. "Title VII bars race-discrimination with respect to compensation." *Palmer v. Indiana Univ.*, 31 F.4th 583, 589 (7th Cir. 2022). Accordingly, by alleging that she was paid less than her White colleague, the plaintiff has alleged an adverse employment action. *Id.* ("When pursuing an unequal pay claim, the plaintiff must show that the protected grounds—here, race—caused the disparity in compensation."). Because the complaint alleges an adverse employment action in the form of unequal compensation, I do not reach whether the plaintiff experienced a second adverse employment action in the form of a constructive discharge. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) (declining to address other theories of liability because a "motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissal of parts of claims").

The complaint also alleges that the plaintiff and her White colleague had similar job responsibilities. According to the complaint, both were employed "at the level of Administrator," though the plaintiff had "limited supervisory authority" over her colleague. R. 1 ¶ 10. While the complaint notes other differences in the positions held by the plaintiff and her colleague, it is beyond the purview of a motion to dismiss to determine whether those differences mean the two employees did not perform equal work requiring substantially similar skill, effort, and responsibilities. The complaint alleges that they did, and that is sufficient to survive a motion to dismiss.

For these reasons, the defendant's motion to dismiss is denied.

Date: 9/6/2023

JEREMY C. DANIEL
United States District Judge